UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

GENNADIY MANTSEVICH, and )
VALENTINA MANTEVICH )
)
v. ) Case No. 1:12-cv-157
) *Magistrate Judge Carter*
)
COUNTRYWIDE HOME LOANS, INC. )
*et al.* )

MEMORANDUM and ORDER

I. INTRODUCTION

Defendants Countrywide Home Loans, Inc.; Treasury Bank, NA; Bank of America, NA; CWABS, Inc.; CWABS, Inc., Asset-Backed Certificates Trust 2004-AB1; Mortgage Electronic Registration Systems; The Bank of New York Mellon; and BNY Western Trust Company[1] move to dismiss this action for failure to state a claim for which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). [Doc. 5].

This action centers on two loans taken out by plaintiffs Gennadiy and Valentina Mantsevich to purchase their residence at 3965 Bow Street NE, Cleveland, Tennessee (herein after "the Property"). The Property currently is in some stage of the foreclosure process. Plaintiffs allege their loans were subsequently sold as securities to various defendants in this case. The gravamen of plaintiff's complaint is that defendants have engaged in

---

[1] Defendants contend that the correct name of "Mortgage Electronic Registration Systems" is "Mortgage Electronic Registration Systems, Inc.," that the correct name of "The Bank of New York Mellon" is "The Bank of New York Mellon Corporation," and that plaintiffs intended to sue "BNY Western Trust Company, N.A." instead of the "BNY Western Trust Company." Defendants do not argue that any of plaintiffs' claims should be dismissed because the wrong defendants have been named. (Defendants' Memorandum, Page ID # 151).

1

misrepresentation and fraud throughout this "securitization" process, and thus defendants hold no interests in the loans obtained to secure the Property or in the Property itself. Plaintiffs seek, *inter alia*, to quiet title to the Property and a declaratory judgment that they are not in default on the two loans. The Court finds Plaintiffs' allegations of misrepresentation and fraud to be fatally lacking in specificity. Therefore, defendants' motion to dismiss is GRANTED with prejudice.

## II. FACTS

When considering the facts alleged in the plaintiffs' complaint to be true, as the Court must when ruling on a motion to dismiss, the relevant facts are these: On or about August 27, 2004, plaintiffs financed their residence with two loans, one for $140,000 and one for $35,000. (Complaint at ¶ 22). That same date, a promissory note was "allegedly executed" for the $140,000 loan wherein defendant "CHL claimed to be the 'Lender'" for the $140,000 loan. Also on August 27, 2004, a deed of trust was "allegedly executed" wherein defendant "AWL claimed to be the 'Lender'" for the $140,000 loan. (Complaint at ¶24(a-b)). Plaintiffs identify "CHL" and AWL" as "Countrywide Home Loans, Inc. ('CHL') d/b/a America's Wholesale Lender ('AWL')," respectively. (Complaint at ¶ 2). On August 27, 2004, a promissory note and a separate deed of trust were "allegedly executed" wherein "CHLTN claimed to be the 'Lender'" for the $35,000 loan. (Complaint at 25(a-b)). Plaintiffs have identified CHLTN as "Countrywide Home Loans of Tennessee, Inc.," the predecessor to CHL. (Complaint at 2). Plaintiffs obtained a warranty deed for their residence on August 27, 2004. (Complaint at ¶ 16.)

The two loans and deeds of trust referred to in plaintiffs' complaint are not attached to the complaint. However, defendants attached to their motion to dismiss two deeds of trust and two promissory notes relating to the Property located at 3965 Bow Street NE, Cleveland, Tennessee.

2

(Page ID # # 67-100).[2] The deeds of trust are dated August 27, 2004 and the promissory notes are dated August 23, 2007. All have signatures which, on their face, appear to be the signatures of Gennadiy Mantsevich and Valentina Mantsevich. (Page ID ## 78, 87, 94, 100). One deed of trust evinces a debt of $140,000 and names the lender as "America's Wholesale Lender." (Page ID # 68). One of the promissory notes is in the amount of $140,000 and names the lender as Countrywide Home Loans, Inc. (Page ID # 85). The second deed of trust evinces a debt of $35,000 and names the lender as Countrywide Home Loans of Tennessee, Inc. (Page ID # 89). The second promissory note is in the amount of $35,000 and also names Countrywide Home Loans of Tennessee, Inc. as the lender. (Page ID # 99).

     The complaint further alleges: Prior to and after August 27, 2004, defendants entered into discussions and agreements to "[p]articipate in a pre-arranged, concurrently executed, multi-stage transaction ('Securitization') for the purpose of originating, pooling, and selling mortgage loans as securities" thereby converting "simple mortgage loans into complex securities offerings involving Securities and Exchange Commission regulation, special federal income tax laws relating to real estate mortgage investments conduits ('REMICS'), and an extended chain of title." (Complaint at ¶¶ 17a, 18). "Without Plaintiff's knowledge or consent, Defendants subjected Plaintiffs' home to Defendants' join [sic] Securitization venture." (Complaint at ¶ 23).

---

[2] While assessment of the facial sufficiency of a complaint must ordinarily be undertaken without regard to matters outside the pleadings, the Court may "consider exhibits attached to the defendant's motion to dismiss so long as they are referred to in the complaint and are central to the claims contained therein without converting the motion to one for summary judgment." *Rondigo, L.L.C., v. Twp. of Richmond*, 641 F.3d 673, 680-81 (6th Cir. 2011) (citation and alteration omitted).

The complaint lists a series of transactions in which one or more of the defendants "allegedly" transferred an interest in one of the loans to another defendant or defendants for "payment received in full." (Complaint at ¶¶ 24-25). Plaintiff then states, "[c]ollectively and/or individually, Defendants now hold no lawful interest in Plaintiffs' Property, or alleged debt instruments related thereto." (Complaint at ¶ at 26).

Under a section of the complaint entitled, "Special Pleadings," plaintiffs further aver that CHL, acting as AWL, recorded a deed of trust relating to the $140,000 loan in the Register of Deeds in Bradley County when CHL knew it did not hold an interest in the Property. (Complaint at ¶36(a)). Plaintiffs also assert various assignments of the $35,000 were filed in the Register of Deeds in Bradley County and those filings were also made by various defendants knowing they had no interest in the Property. (Complaint at ¶36(b-d)). According to plaintiffs, all instruments executed by one or more of the defendants which "allegedly" evince an interest on the part of a defendant or defendants in the Property or a transfer of an interest in the Property "(i) misrepresent the affiliation, authority, authenticity, and/or validity of the signatory parties and/or signatures; and (ii) misrepresent the validity of the alleged assignment." (Complaint at ¶ 36(a) -(d).))

The complaint further alleges: On December 8, 2011, defendants Bank of America, NA and The Bank of New York Mellon executed and mailed a Notice of Acceleration and Foreclosure to plaintiffs which "misrepresents" their interests and capacities in the Property and "misrepresents" that plaintiffs are in default. On many occasions, defendants "fraudulently" demanded payment and collected monies not due from plaintiffs. (Complaint at 36(e –h)). Any notices from defendants stating plaintiffs are in default on their loans "misrepresent" the interests of the defendants seeking foreclosure. The various instruments referred to in the complaint

4

"misrepresent" the "affiliation, authority, authenticity, and/or validity of the signatory parties and/or signatures." Defendant "misrepresent" the "validity" of the alleged assignments, and the capacities of one or more defendants. (Complaint at ¶¶36, 37, 41). Plaintiffs "deny" they are in default status and aver that "Defendants have already received payment in full through sale/transfer, payment of guarantor, and/or payment of insurance benefits." (Complaint at 37-40).

### III. ANALYSIS

*A. Standard of Review*

A motion to dismiss brought pursuant to Fed. R. Civ. P. 12(b)(6) is meant to test the sufficiency of the complaint; it does not resolve the facts of the case. *Thielen v. GMAC Mortg. Corp.*, 671 F.Supp.2d 947, 950 (E.D. Mich. 2009); *Cox v. Shelby State Community College*, 48 Fed. Appx. 500, 503 (6th Cir. Sept. 24, 2002) (unpublished); *Metz v. Supreme Court of Ohio*, 46 Fed. Appx. 228, 233 (6th Cir. Aug. 19, 2002) (unpublished). In determining whether a party has set forth a claim in his complaint for which relief can be granted, all well-pleaded factual allegations contained in the complaint must be accepted as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). This tenet does not apply to legal conclusions set forth in a complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* More than "unadorned, the-defendant-unlawfully-harmed me accusation[s]" are required to state a claim. *Id.* "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* at 696 (brackets original)(quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S 544, 557 (2007)). The complaint must state "a plausible claim." *Iqbal*, 556 U.S. at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

5

inference that the defendant is liable for the misconduct alleged." *Id.* at 678. In determining whether a complaint states a plausible claim for relief, the Court may draw on its judicial experience and common sense. *Id.* at 679. Well-pleaded facts that permit the court to infer no more than a mere possibility of misconduct will not permit a complaint to survive a motion to dismiss. *Id.* Finally, the Court notes that special pleading requirements apply to allegations of fraud. Fed. R. Civ. P. 9(b). The Court will discuss these special requirements in its analysis of plaintiffs' claims.

*B. Discussion*

Plaintiffs have brought claims against the various defendants alleging fraud and misrepresentation under the Tennessee Consumer Protection Act (TCPA), Tenn. Code Ann. § 47-18-101 *et seq.,* and under Tennessee common law as it relates to the "alleged" execution and assignment of the two loans and deeds of trust secured by plaintiffs to purchase the Property and any notices generated by defendants that plaintiffs are in default on the loans and that defendants are seeking foreclosure. Based on this alleged fraud and misrepresentation, plaintiffs also seek (1) to quiet title to the residence under Tennessee common law and (2) a declaratory judgment under the Tennessee Declaratory Judgment Act, Tenn. Code Ann. § 29-14-101 *et seq.,* that defendants "hold no lawful interest in Plaintiff's Property, or alleged debt instruments." (Complaint at ¶ 31(a)).

In the opening salvo of their memorandum in support of their motion to dismiss, defendants assert, "[a]ll of Plaintiffs' causes of action are based on the argument that Defendants hold no interest in the Property due to the securitization of their promissory notes and MERS' assignment of their deeds of trust. However, Plaintiffs' arguments stem from a fundamental misunderstanding of the effect of securitization and of the MERS system." (Defendant's

6

Memorandum, Page ID # 54, internal citation omitted). Plaintiffs respond that "Plaintiffs' claims do not rest on challenges to the securitization process. 'Securitization' – the originating, pooling, and selling of mortgage loans as Wall Street securities – is merely the arena in which Defendants' trampled Plaintiffs' rights with brazen fraud, misrepresentations, misconduct, and malfeasance. Plaintiffs' claims rest squarely on black letter law of contracts and torts that Defendants' web of deceit will surely not withstand." (Plaintiffs' Response, Page ID # 133.) The Court takes Plaintiffs at their word and thus finds it unnecessary to examine the effect of "securitization" on plaintiffs' obligation to repay their loans. By plaintiffs' admission, "securitization" alone does not affect their obligation to pay off their loans nor does it shield them from foreclosure in the event that plaintiffs fail to make timely payments on their loans. The Court will now address plaintiffs' claims in turn.

### 1. Plaintiffs' TCPA Claim and Fraud Claim

The core of any claim brought under the TCPA or under Tennessee common law for the tort of fraud are allegations of fraudulent misconduct and material misrepresentations of fact.[3] In the instant case, plaintiffs rely on the same set of alleged facts in their complaint to bring both their TCPA claim and their common law claims of fraud and misrepresentation.

The court in *Ike v. Quantum Servicing Corp.*, __ F.3d __, 2012 WL 3727132 *3 (W.D. Tenn. Aug. 27, 2012) succinctly and ably discussed the requirements to establish a prima facie case of a violation of the TCPA, Tenn.Code Ann. § 47–18–109:

---

[3] Under Tennessee common law, a claim for fraud is the same as a claim for intentional misrepresentation. *Hodge v. Craig*, 382 S.W.3d 325, 342 (Tenn. 2012)(" In fact, 'intentional misrepresentation,' 'fraudulent misrepresentation,' and 'fraud' are different names for the same cause of action.") In the instant case, the plaintiffs have not alleged negligent misrepresentation on the part of defendants.

7

> … To establish a prima facie case, a plaintiff must allege facts showing that the "defendant engaged in an act or practice that is unfair or deceptive as defined under the [TCPA], and that [the] plaintiff suffered a loss of money, property, or a thing of value as a result of the unfair or deceptive act of [the] defendant." *Rhodes v. Bombardier Capital Inc.,* No. 3:09–CV–562, 2010 U.S. Dist. LEXIS 101176, at *5–6, 2010 WL 3861074 (E.D.Tenn. Sept. 24, 2010) (citing Tenn.Code Ann. § 47–18–109).
>
> The TCPA does not define the terms "unfair" or "deceptive…. "[T]he Tennessee Supreme Court has recognized that a deceptive act or practice is a material representation, practice or omission likely to mislead a reasonable consumer." *Cloud Nine, LLC v. Whaley,* 650 F.Supp.2d 789, 797 (E.D.Tenn.2009) (citing *Ganzevoort,* 949 S.W.2d at 299). An act or practice is unfair only if it "causes or is likely to cause substantial injury to consumers which is not reasonably avoidable by consumers themselves and not outweighed by countervailing benefits to consumers or to competition." *Ward Adventures, LLC v. Buddy Gregg Motor Homes, Inc.,* No. 3:05–CV–236, 2007 U.S. Dist. LEXIS 19890, at *12, 2007 WL 869619 (E.D.Tenn. Mar. 20, 2007) (quoting *Tucker v. Sierra Builders,* 180 S.W.3d 109, 115 (Tenn.Ct.App.2005)).

*Accord*, *Cloud Nine, LLC v. Whaley*, 650 F. Supp.2d 789, 797-98 (E.D. Tenn. 2009).

Under Tennessee common law, a claim for fraud consists of the following elements:

> (1) that the defendant made a representation of a present or past fact; (2) that the representation was false when it was made; (3) that the representation involved a material fact; (4) that the defendant either knew that the representation was false or did not believe it to be true or that the defendant made the representation recklessly without knowing whether it was true or false; (5) that the plaintiff did not know that the representation was false when made and was justified in relying on the truth of the representation; and (6) that the plaintiff sustained damages as a result of the representation.

*Hodge v. Craig*, 382 S.W.3d 325, 343 (Tenn. 2012).

Significantly, under both the Federal Rules of Civil Procedure and the Tennessee Rules of Civil Procedure, a plaintiff must plead a claim of fraud with particularity. *See Ike,* 2012 WL 3727132, *4 wherein the court states:

> Federal Rule of Civil Procedure 9(b)'s heightened pleading standard applies to TCPA claims. *See Metro. Prop. & Cas. Ins. Co. v. Bell,* No. 04–5965, 2005 U.S.App. LEXIS 17825, at *15–16, 2005 WL 1993446 (6th Cir. Aug. 17, 2005); *Carbon Processing & Reclamation, LLC v. Valero Mktg. & Supply Co.,* 694 F.Supp.2d 888, 900, 915 (W.D.Tenn.2010) (applying Rule 9(b)'s particularity requirement and dismissing plaintiff's TCPA claims); *cf. Harvey v. Ford Motor Credit Co.,* 8 S.W.3d 273, 275–276 (Tenn.Ct.App.1999) (noting that Tennessee Rule of Civil Procedure 9.02's requirement

8

that plaintiffs state any averment of fraud with particularity applies to TPCA claims). "To satisfy this requirement a complaint must set forth specific fraudulent or deceptive acts rather than general allegations." *Agfa Photo United States Corp. v. Parham,* No. 1:06–cv–216, 2007 U.S. Dist. LEXIS 40980, at *31–32, 2007 WL 1655891 (E.D. Tenn. June 5, 2007) (citing *Humphries v. West End Terrace, Inc.,* 795 S.W.2d 128, 132 (Tenn.Ct.App.1990)).

*Accord AGFA Photo USAble Corp. v. Parham*, 2007 WL 1655891 *11 (E.D. Tenn. June 5, 2007); *Counts Co. v. Praters, Inc.*, __ S.W.3d __, 2012 WL 2371487 *5 (Tenn. Ct. App. June 22, 2012).

Despite plaintiffs' insistence to the contrary, plaintiffs' allegations of fraud are not pled with the requisite specificity. Plaintiffs allege a great deal of "fraudulent" conduct on the part of defendants including that defendants made multiple "misrepresentations" about their "interests" in the Property in the various instruments associated with the Property. However, plaintiffs set forth no specific facts in the complaint to demonstrate *why* or *how* defendants' conduct constituted intentional misrepresentations or fraud. Plaintiffs' allegations are purely conclusory. For example, the Complaint states,

> 22. On or about August 27, 2004, Plaintiffs financed their home with two loans, one for $140,000 ("Loan-A") and another for $35,000 ("Loan B").
>
> 23. Without Plaintiffs' knowledge or consent, Defendants subjected Plaintiffs' home to Defendants' join [sic] Securitization venture.
>
> 24. Concerning Loan A:
>     a. On or about August 27, 2004, a promissory note ("Note-A") was allegedly executed; therein CHL claimed to be the "Lender" for Loan A.
>
>     b. On or about August 27, 2004, a deed of trust ("DOT-A") was allegedly executed; therein AWL claimed to be the "Lender" for Loan A.[4]

---

[4] Plaintiffs identify "CHL" and AWL" as "Countrywide Homes Loans, Inc. ('CHL') d/b/a America's Wholesale Lender ('AWL')," respectively. (Complaint at ¶ 2).

9

(Complaint, Page ID # 12). Except for the name of the "claimed" lender, plaintiffs make the exact same allegations for the second loan. (Complaint at 25(a-b), Page ID # 12).

These allegations ring of a certain gamesmanship; they are deliberately vague and obscure. For instance, why does CHL "claim" to be the lender? Are plaintiffs alleging that employees from CHL, with no contact or interaction with the plaintiffs whatsoever, cooked up loan documents and deeds of trust and forged plaintiffs' names to these instruments? Are plaintiffs alleging that plaintiffs signed the loan documents with CHL but the documents are defective for a certain reason? Are plaintiffs alleging that CHL representatives put something in their water just before signing the loan documents which rendered plaintiffs incompetent? Who was acting on behalf of CHL? What exactly did he or she do or not do?

The Court concludes plaintiffs' allegations of fraud against each defendant fall far short of the necessary specificity required to state a claim for fraud or for an unfair or deceptive practice under the TCPA. *See e.g., Scruggs v. La Petite Academy, Inc.*, 2006 WL 2711689 *4 (E.D. Tenn. Sept. 21, 2006) ("Here, plaintiffs have presented the bare allegation that 'the Defendant, through its agents, intentionally misled the Plaintiff in the welcome letter, Parent Handbook, subsequent negotiations and communications with the Plaintiff and these misrepresentations were both deceptive and unfair.' There are no facts indicating how the alleged misrepresentation of defendant was deceptive and/or unfair … Accordingly, the Court will dismiss plaintiffs' TCPA claim"); *Coffey v. Foamex L.P.,* 2 F.3d 157, 161-62 (6th Cir. 1992) ("The allegation that 'defendants ... actively practiced fraud upon the plaintiffs' is purely conclusory. That they 'failed to warn plaintiffs of TDI contamination,' without more, does not give rise to fraudulent misrepresentation."); *accord Gilliard v. JP Morgan Chase Bank, N.A.,*

10

2012 WL 6139922 *6 (E.D. Tenn. Dec. 11, 2012). Similarly, the Court will dismiss these claims.

*2. Plaintiffs' Claim for Declaratory Judgment and to Quiet Title*

Plaintiffs' claims for a declaratory judgment that defendants have no lawful interest in the Property and to quiet title are both rooted in their assertions that defendants have engaged in fraud with regard to the Property. Since Plaintiffs have failed to state a claim for fraud, they have, concomitantly, failed to state an adequate basis to quiet title and for a declaratory judgment. *See Starkey v. First Magnus Financial Corp*., 2012 WL 4061204 *5 (M.D. Tenn., Sept. 14, 2012.) ("A claim to quiet title is actually a request for a remedy. The claim itself must be based on some plausible assertion that legal title to the property is unclear, disputed, or encumbered in some manner.) (internal citation omitted)**.**

## IV. Conclusion

Defendants have raised a number of separate grounds to dismiss this action. However, it is unnecessary for the Court to address them all because plaintiffs have failed to plead with the requisite specificity defendants' alleged fraud. Consequently, plaintiffs can state no claim for which relief can be granted in this action. In their response to defendants' motion, plaintiffs requested the Court give them the opportunity to amend their complaint should the Court find plaintiffs' complaint inadequate. However, plaintiffs did not specify how they would amend their complaint if permitted, and, without knowing how plaintiffs propose to amend their complaint, the Court could not adequately evaluate the request. Further, plaintiffs have been on

notice for nine months that their complaint lacks specificity. They could have moved separately during that time to amend their complaint.[5] Therefore, the Court denies this request.

Accordingly, for the reasons stated herein, defendants' motion to dismiss is GRANTED. Plaintiffs' complaint shall be dismissed in its entirety with prejudice. Judgment shall enter in favor of defendants.

SO ORDERED.

ENTER.

            s\ *William B. Mitchell Carter*
            William B. Mitchell Carter
            United States Magistrate Judge

---

[5] Under Local Rule 15, the proposed amended complaint must be attached as an exhibit to the motion to amend.

12